# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM WALLACE,

    Petitioner,

vs.                                                             Case No. 4:08cv365-SPM/WCS

WALTER A. McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner filed a 28 U.S.C. § 2254 petition with supporting exhibits. Doc. 1. Leave to proceed in forma pauperis was granted, and Petitioner was directed to show cause why his petition was not untimely. Doc. 5 (incorporated herein by reference).

    The one year time limit for filing a § 2254 petition runs from the date on which the judgment at issue became final by conclusion of direct review or the expiration of time for seeking direct review, unless one of the later dates enumerated in the statute applies. 28 U.S.C. § 2244(d)(1)(A)-(D). The time is tolled while a "properly filed" application for relief is pending in state court, § 2244(d)(2)(e), and may be equitably tolled in rare cases on a showing of both extraordinary circumstances and due

diligence.  Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004).  *See also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n. 8, 125 S.Ct. 1807, 1814-15 and n. 8, 161 L.Ed.2d 669 (2005) (setting forth the requirements for equitable tolling, assuming but not deciding that equitable tolling may apply to the one year limitations period).

The court previously determined that the judgment at issue became final for § 2244 purposes on November 19, 2001, and so – absent tolling – the one year expired on November 19, 2002.  Doc. 5, p. 2.  *See also* Wallace v. McCollum, 4:07cv313-RH/WCS, doc. 8, p. 2 (order of dismissal without prejudice, noting this Petitioner's conviction became final one year from November 19, 2001) (Petitioner also supplied a copy of that order as Ex. B to his response in this case).[1]

Petitioner indicates that he filed a Fla.R.Crim.P. 3.850 motion on February 10, 2003, which was consolidated with another motion (filed later) and ultimately denied on March 22, 2004.  Doc. 1, p. 3.  Attached to the petition are two orders from the Circuit Court in Leon County, both dated March 22, 2004.  One denied Petitioner's motion for post conviction relief filed on February 10, 2003, and amended motion filed February 10, 2004, in case number 98-3591.  Doc. 1, exhibit (pp. 12-19 in ECF) (electronic case filing).

The other order of March 22, 2004, denied Petitioner's motion to correct illegal sentence filed July 17, 2003, amended motion to correct illegal sentence filed on

---

[1] In that case, Petitioner Wallace filed a notice of voluntary dismissal before any response had been filed.  The order explained that, while the court generally cautions petitioners seeking dismissal to be aware of the one year time limit, it appeared (though the court did not decide) that the time had already expired.  Doc. 8 in that file, pp. 1-2.

December 22, 2003, and second amended motion to correct illegal sentence filed on February 10, 2004.  Doc. 1, exhibit (pp. 20-23 in ECF).  The case numbers indicated in the style of the order are 87-712, 89-815, and 98-3591.  The earlier offenses were challenged in an attempt to undermine the life sentence in case number 98-3591.  *Id.*, pp. 20-22.[2]

As previously noted, by the time the first post conviction motion was filed on February 10, 2003, the one year had already expired and there was no time left to toll. Doc. 5, p. 2, *citing* Tinker v. Moore, 255 F.3d 1331, 1334-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  It was further noted that, even if Petitioner could show entitlement to tolling for some of that period, more time elapsed between the time his Rule 3.850 motion was no longer pending in state court and the time his next motion was filed.  Doc. 5, p. 3 and nn. 3-4.

In response to the order to show cause, Petitioner claims entitlement to equitable tolling.  Doc. 7.  The burden of establishing entitlement to this extraordinary remedy, by showing extraordinary circumstances both beyond his control and unavoidable even with diligence, is on Petitioner.  Drew v. Dep't of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002) (citations omitted).  "Because of the difficult burden" on a petitioner to show

---

[2] Petitioner was convicted of grand theft and three misdemeanors in case number 87-712, resulting in two years of probation.  *Id.*, p. 20 in ECF.  He was convicted of two counts of robbery in case number 89-815, and was sentenced as an habitual offender (based in part on the conviction in case number 87-712) to ten years imprisonment without gain time.  *Id.*  He was convicted of armed robbery with a firearm and resisting an officer without violence in case number 98-3581.  He received a life sentence under the Prison Releaseee Reoffender (PRR) Act, because the offense was committed within three years of Petitioner's release on the sentence in case number 89-815.  *Id.*  The earlier offenses were challenged in an attempt to undermine the PRR sentence.  *Id.*, pp. 20-22.

both extraordinary circumstances and due diligence, the Eleventh Circuit "has rejected most claims for equitable tolling." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (collecting cases).

Petitioner asserts that his conviction was affirmed in August of 2001 and he hired the Harper Law Firm that same month, for purposes of filing a Fla.R.Crim.P. 3.850 motion. Doc. 7, pp. 1-2. Petitioner asserts:

> From 2001 to 2003, the attorney assigned by the name of Jason Savitz, did nothing on the 3.850. Petitioner filed a complaint to [T]he Florida Bar, which was later dismissed by the Petitioner when assigned attorney, Michael Ufferman contacted the Petitioner and informed him that Jason Savitz had committed suicide, and that he was representing him. Mr. Ufferman who then prepared a [R]ule 3.850 motion for postconviction relief, and a [R]ule 3.800(a) motion to correct illegal sentence for the Petitioner. From the time that attorney Ufferman prepared the motions, the one (1) year limitations period had already expired. See, Exhibit "A".

*Id.*, p. 2. Exhibit A is a letter from Ufferman, addressed ahead. Petitioner claims entitlement to equitable tolling because Savitz committed suicide, and since Petitioner had no notice of the one year time limit in federal court until he filed the first § 2254 petition. *Id.*, pp. 2 and 4, referencing Ex. B (order in 4:07cv313-RH/WCS).

The letter written by Michael Ufferman (Ex. A), dated September 22, 2005, was written to The Florida Bar in response to a complaint filed by Petitioner. Ufferman represented Petitioner in the state post conviction proceedings.

Ufferman explained that the Harper firm was retained by Petitioner before he started working there in September of 2002, and then the case was assigned to him. Ex. A, p. 1. Petitioner at that time had until November 19, 2002, about two months, to file his federal habeas petition, but he still had to exhaust state court remedies. Ufferman said that at the time the postconviction proceedings were assigned to him, "no

other attorney in the office had worked on the case, although at least two, if not three, attorneys in the office (Robert Augustus Harper, Jr., Steven Whittington, and Jason Savitz) had talked to Mr. Wallace about his case." *Id.* The letter explains the background of proceedings in case numbers 87-712, 89-815, and 98-3591, and states that the firm had been hired to file a postconviction motion in case number 98-3591, which was the case he worked on. *Id.*, pp. 1-2. Ufferman does not say whether the Harper firm was retained to pursue federal habeas proceedings but the implication is that it was not. Ufferman explained the arguments raised on behalf of Petitioner in motions filed pursuant to Fla.R.Crim.P. 3.800(a) and 3.850, and said that an evidentiary hearing was held on the Rule 3.850 motion. *Id.* Pursuant to Petitioner's request, Ufferman appealed the trial court's denial of the motions. *Id.*, p. 2. He then left the Harper firm to start his own firm, and notified Petitioner of this. *Id.*, pp. 2-3. The reply brief on appeal was filed by the Harper firm. *Id.*, p. 3. He said that Petitioner paid the firm, and did not retain him after he left the firm. *Id.* There is no mention of the death of Savitz, as precipitating Ufferman's involvement in the case or otherwise.

Petitioner's one year expired on November 19, 2002. Petitioner does not allege the date of death, but records reveal Jason Savitz appeared in this court as late as October of 2003. *See* case number 4:02cr62-SPM, doc. 145 (minutes of sentencing held October 20, 2003).[3] According to Ufferman, none of the other attorneys at the firm

---

[3] *See also* case number 4:02cv391-RH/WCS. The docket in that case reveals that a response was filed on behalf of Plaintiff by Mr. Savitz on September 30, 2003. Doc. 24. On January 7, 2004, Plaintiff filed a pro se request for extension, claiming she could not get in touch with counsel and seeking guidance from the court. Doc. 32. A hearing was held on February 25, 2004, at which time the court was informed of counsel's death. Doc. 35 (minutes).

worked on Petitioner's case before September, 2002, and he took over the case then when he was hired. Even if Savitz had once been assigned to Petitioner's case, there is no connection (apparent or alleged) between the failure to file a state court motion by November 19, 2002, and the death of Savitz at least eleven months later.[4]

Indeed, the Harper firm was apparently hired for the purpose of filing a motion in state court, and motions *were* timely filed in state court (as Rule 3.850 has a two year time limit[5]) and considered on the merits. It is not alleged or shown that Petitioner ever discussed the possibility of filing a future § 2254 petition with any attorney.

Moreover, assuming counsel knew or should have known that Petitioner wished to pursue a § 2254 petition if the state court denied relief, and assuming counsel was unaware of the need to file a state court motion in time to toll the period under § 2244, Petitioner has not shown entitlement to equitable tolling. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (finding that counsel's miscalculation or mistake regarding the limitations period was not "an extraordinary circumstance sufficient to warrant equitable tolling."); Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (appointment of allegedly incompetent attorney "is not an extraordinary circumstance

---

[4] Petitioner's allegations that he filed a bar complaint against Savitz but dismissed it when he learned of his death from Ufferman, who "then" prepared Petitioner's state motions albeit too late to toll the period, would imply that Ufferman did not represent Petitioner or file anything on his behalf until after Savitz died. But Petitioner does not allege any particular dates, and the implication is inconsistent with Ufferman's letter and dockets (reflecting appearances by Savitz) referenced above.

[5] *See* Tinker, 255 F.3d at 1334-35 and n. 4 (11th Cir. 2001), also involving a Florida prisoner who filed a motion timely under Rule 3.850 motion but outside the federal limitations period, "remind[ing] petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."

Case No. 4:08cv365-SPM/WCS

that warrants the application of equitable tolling. Moreover, we have stated on numerous occasions that 'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'") (*quoting* Howell v. Crosby, 415 F.3d 1250, 1250 (11th Cir. 2005), other citations omitted).

Petitioner claims that he was unaware of the one year time limit until he received the undersigned's order of September 11, 2007, in case number 4:07cv313-RH/WCS. But pro se status and ignorance of the law are not extraordinary circumstances which justify equitable tolling. *See* Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (collecting cases); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (collecting cases), *cert. denied*, 531 U.S. 1194 (2001); United States v. Cicero, 214 F.3d 199, 203 (D.C.Cir. 2000); Felder v. Johnson, 204 F.3d 168, 172 and n. 10 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law or limitations period does not warrant equitable tolling, collecting cases).

Petitioner hired a law firm and was represented in post conviction proceedings in state court. He apparently filed Florida Bar complaints against Savitz (a complaint he later dismissed) and Ufferman (who responded). Petitioner does not allege that he made *any* effort to ascertain the filing deadline for a § 2254 petition. The court will assume that Petitioner and his counsel were unaware that state remedies had to be pursued within one year to preserve the time for a future § 2254 petition, and that they would have acted differently had they known. This does not establish extraordinary circumstances beyond Petitioner's control and unavoidable even with diligence.

Case No. 4:08cv365-SPM/WCS

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the judgment of the Second Judicial Circuit, Leon County, case number 98-3591, be **SUMMARILY DISMISSED AS UNTIMELY**.

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2008.

          s/    William C. Sherrill, Jr.
          **WILLIAM C. SHERRILL, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**